**FILED: 1/8/2013**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CV 12-9017-GHK |
| ) | (CR 10-384-GHK; |
| Plaintiff, ) | **CR 10-394-GHK**) |
| ) | |
| vs. ) | ORDER DENYING (1)MOTION |
| ) | PURSUANT TO 28 U.S.C. SECTION |
| ALEJANDRO MORFIN GARCIA, ) | 2255; (2) CERTIFICATE OF |
| ) | APPEALABILITY |
| Defendant. ) | |
| ) | |

I.  BACKGROUND

On October 19, 2012, Defendant Alejandro Morfin Garcia (Garcia) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  In it, he makes the single cryptic claim that "[t]hey gave 27 points in my PSI and this is my first offense in the Feds, and have never been in the State."  As factual support, Garcia stated that "I have a prior felony between 2008 and 2009 but the case was deasmiss (sic)."

On November 21, 2012, we issued an order advising Garcia that his petition was procedurally improper. Inasmuch has he appears to challenge the imposition, not execution, of his sentence, he must file a motion pursuant to 28 U.S.C. Section 2255. We deemed this as such Section 2255 motion, and warned Garcia that treating this as a Section 2255 motion may bar him from seeking successive relief. We gave Garcia an opportunity to either withdraw this action or, in the event he does not wish to withdraw his motion, we granted him leave to amend this motion to add any additional grounds for relief. We advised Garcia that if he takes no timely action as required, we will treat this as his Section 2255 motion, which will be limited to the only ground for relief asserted.

The time for Garcia to respond has elapsed, and he has not responded. Thus, we now treat this as Garcia's Section 2255 motion that is based on the sole ground stated.

II. DISCUSSION

As noted above, Garcia appears to complain that he was improperly assessed 27 criminal history points in the Pre-Sentence Report (PSR). In fact, the PSR did NOT assess 27 criminal history points. It assessed 17 criminal history points. Moreover, the court sustained the defendant's objection to one point for recency due to the Guideline changes. But, in any event, the difference of one point made no difference in the criminal history category because Category VI requires only 13 points.

1   Other than the foregoing, Garcia makes no showing of how his
2  criminal history category was wrongly calculated.  As we did at
3  sentencing, we adopt the Probation Officer's assessment of his
4  criminal history points and hence his criminal history category.
5  Garcia has made no showing of any error, much less error of the type
6  to entitle him to any relief.

8      III.   Conclusion
9      Based on the foregoing, Garcia's motion pursuant to 28 U.S.C.
10 Section 2255 is DENIED, and a certificate of appealability is DENIED.

12     IT IS SO ORDERED.

15 DATED: This 8th day of January, 2013

_____
George H. King
Chief United States District Judge